

190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 3
Fax (281) 715-5755
Email - chuck@chucknewton.net
Website - stayviolation.com

For The Plaintiff In The Adversary Proceeding

**In The United States District Court**
**For The Southern District Of Texas**
**Houston Division**

**Rick A. Razaq**
            **Plaintiff**

**v.**                                                    **Civil Action No. 09-2062**

**NCO Financial Systems, Inc.,**
**Weltman, Weinberg & Reis Co, L.P.A.,**
 **And Discover Bank**
            **Defendants**

# PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Rick A. Razaq, ("Mr. Razaq") complaining of and against NCO Financial Systems, Inc. ("NCO"), Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") and Discover Bank ("Discover") and for this cause of action would respectfully state the following:

## INTRODUCTION

1.        This is an action for damages brought by an individual consumer alleging that Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Debt Collection Act, TEX. FIN. CODE § 392.301 et seq. ("TDCA"), and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 et seq. ("DTPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.        Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Venue in this District is proper in that the Defendants transact business here and/or the conduct herein complained occurred here.  Specifically, each Defendant sent, or caused to be sent to Houston, Texas, correspondence which violated the Federal Fair Debt Collection Practices Act.

**PARTIES**

3.      Plaintiff Rick Razaq is an individual residing in Houston, Texas.

4.      The Defendant, NCO Financial Systems, Inc., has a registered agent for service of process, CT Corporation System, which may be served at 350 N. St. Paul Street, Dallas TX 75201.

5.      The Defendant, Weltman, Weinberg & Reis Co, L.P.A., has a registered agent for service of process, Alan Weinberg, who may be served at 323 W. Lakeside Ave, Suite 200, Cleveland, OH 44113

6.      The Defendant, Discover Bank, has a registered agent for service of process, Discover Bank, which may be served at 100 West Market PO Box C, Greenwood DE 19950.

**THE FACTS AND BACKGROUND**

7.      On July 26, 2007, Defendant Discover filed suit against Mr. Razaq in Harris County Court at Law Number Two in Cause Number 899,460 ("the lawsuit").  In the lawsuit, Defendant Discover sought payment of an unpaid debt in the amount of $10,303.24.  The debt was for a credit card whose account number ended in 5759.

8.      On August 18, 2007, Defendant Discover had Mr. Razaq served with the lawsuit.

9.      On December 11, 2007, Defendant Discover offered Mr. Razaq entered into a settlement agreement with Defendant Discover.  Defendant Discover agreed to accept $5,100.00 as full and final settlement of its claim in three monthly payments of $1,700.00 each.  Mr. Razaq completed his payments under the agreement in March, 2008.

10.     On April 8, 2008, a Non-Suit with Prejudice was entered in the lawsuit, thereby extinguishing Defendant's claim against Mr. Razaq with respect to the account ending in 5759.

11.     On October 22, 2008, Defendant NCO, on behalf of Defendant Discover, sent correspondence to Mr. Razaq regarding the account ending in 5759.  The correspondence stated Defendant Discover placed the account with Defendant NCO. It also stated Mr. Razaq owed Defendant Discover $5,203.24 and encouraged payment by visiting Defendant NCO's website.

12.     On February 19, 2009, Defendant Weltman, on behalf of Defendant Discover, drafted correspondence to Mr. Razaq regarding the account ending in 5759.  The correspondence stated that Mr. Razaq owed Defendant Discover $5,203.24 and stated that it "is important that you contact our office to discuss an appropriate resolution for this matter."   Defendant Weltman mailed this to Mr. Razaq and Mr. Razaq received this letter.

13.     On March 27, 2009, Defendant Weltman, on behalf of Defendant Discover, drafted correspondence to Mr. Razaq regarding the account ending 5759.  Again, the correspondence stated that Mr. Razaq owed Defendant Discover $5,203.24 and stated, "I invite you to call us toll free at 1-800-286-1589 to discuss an opportunity to receive significant savings by settling this matter for a reduced amount."   Defendant Weltman mailed this letter to Mr. Razaq and he received it.

14.     On April 22, 2009, Defendant Weltman, on behalf of Defendant Discover, drafted correspondence to Mr. Razaq regarding the account ending 5759.  Again, the correspondence stated, "It is important that you contact this office to discuss a possible resolution of your account."  Defendant  Weltman mailed this letter to Mr. Razaq and Mr. Razaq received it.

15.     The collection practices and/or actions of all three Defendants, as stated above, have resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress by Mr. Razaq, which is more than fleeting and inconsequential, and which is substantiated by the

facts of this case alone, but is also manifested in Mr. Razaq experiencing a significant amount of stress and a continued sense of harassment.

**CAUSE OF ACTION NUMBER ONE: VIOLATIONS OF 15 U.S.C. § 1692 et seq. by Defendant NCO**

16.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

17.     Mr. Razaq is a consumer as that term is defined by 15 U.S.C. § 1692a (3).

18.     Defendant NCO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

19.     15 U.S.C. § 1692e (2) proscribes debt collectors from falsely representing the character, amount, or legal status of any debt.  Defendant NCO violated this section by claiming that Mr. Razaq owed $5,203.24 to Defendant Discover.

20.     Violations of the FDCPA entitle Mr. Razaq to statutory damages of $1,000.00 as well as actual damages, costs and attorneys fees.

**CAUSE OF ACTION NUMBER TWO: VIOLATIONS OF
TEX. FIN. CODE § 392 et seq. by Defendant NCO**

21.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

22.     Mr. Razaq is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

23.     Defendant NCO is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

24.     TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding.  Defendant NCO violated this section by claiming that Mr. Razaq owed $5,203.24 to Defendant Discover.

25.     Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Razaq to recover actual damages and attorney fees.

### CAUSE OF ACTION NUMBER THREE: VIOLATIONS OF
### TEX. BUS. & COM. CODE § 17.41 et seq. by Defendant NCO

26.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

27.     Pursuant to TEX. FIN. CODE § 392.404, violations of TEX. FIN. CODE § 392 et. seq. are deceptive trade practices actionable under TEX. BUS. & COM. CODE § 17.41 et seq.

28.     TEX. BUS. & COMM CODE § 17.50 (b) provides for the trebling of economic and mental anguish damages when Defendant's actions were committed knowingly.

29.     For its knowing violations of TEX. FIN. CODE § 392 et. seq, Mr. Razaq is entitled to recover treble damages from Defendant NCO.

### CAUSE OF ACTION NUMBER FOUR: VIOLATIONS OF
### 15 U.S.C. § 1692 et seq. by Defendant Weltman

30.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

31.     Mr. Razaq is a consumer as that term is defined by 15 U.S.C. § 1692a (3).

32.     Defendant Weltman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

33.     15 U.S.C. § 1692e (2) proscribes debt collectors from falsely representing the character, amount, or legal status of any debt.  Defendant Weltman violated this section by claiming that Mr. Razaq owes $5,203.24 to Defendant Discover.

34.     Violations of the FDCPA entitle Mr. Razaq to statutory damages of $1,000.00 as well as actual damages, costs and attorneys fees.

### CAUSE OF ACTION NUMBER FIVE: VIOLATIONS OF
### TEX. FIN. CODE § 392 et seq. by Defendant Weltman

35.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

36.     Mr. Razaq is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

37.     Defendant Weltman is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

38.     TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding.   Defendant Weltman violated this section by claiming that Mr. Razaq owes $5,203.24 to Defendant Discover.

39.     Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Razaq to recover actual damages and attorney fees

### CAUSE OF ACTION NUMBER SIX: VIOLATIONS OF
### TEX. BUS. & COM. CODE § 17.41 et seq. by Defendant Weltman

40.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

41.     Pursuant to TEX. FIN. CODE § 392.404, violations of TEX. FIN. CODE § 392 et. seq. are deceptive trade practices actionable under TEX. BUS. & COM. CODE § 17.41 et seq.

42.     TEX. BUS. & COMM CODE § 17.50 (b) provides for the trebling of economic and mental anguish damages when Defendant's actions were committed knowingly.

43.     For its knowing violations of TEX. FIN. CODE § 392 et. seq, Mr. Razaq is entitled to recover treble damages from Defendant Weltman.

### CAUSE OF ACTION NUMBER SEVEN: VIOLATIONS OF
### TEX. FIN. CODE § 392 et seq. by Defendant Discover

44.     Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

45.     Mr. Razaq is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

46.     Defendant Discover is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

47.     TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding.    Defendant Discover violated this section by claiming that Mr. Razaq owes $5,203.24.

48.     Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Razaq to recover actual damages and attorney fees.

49.     Mr. Razaq Mr. Razaq adopts and incorporates all of the allegations as stated in the facts and background section (¶¶ 7 – 13 above) as if these paragraphs were fully reprinted herein.

50.     Pursuant to TEX. FIN. CODE § 392.404, violations of TEX. FIN. CODE § 392 et. seq. are deceptive trade practices actionable under TEX. BUS. & COM. CODE § 17.41 et seq.

51.     TEX. BUS. & COMM CODE § 17.50 (b) provides for the trebling of economic and mental anguish damages when Defendant's actions were committed knowingly.

52.     For its knowing violations of TEX. FIN. CODE § 392 et. seq, Mr. Razaq is entitled to recover treble damages from Defendant Discover.

**Demand for Jury Trial**

53.     Pursuant to Federal Rule of Civil Procedure 38, Mr. Razaq demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiff, Mr. Razaq, that the Court will:

1.      Find that Defendants NCO and Weitman violated the Fair Debt Collection Practices Act;

2.      Award Mr. Razaq actual damages, statutory damages and attorneys' fees for violations of the Fair Debt Collection Practices Act;

3.      Find that all three Defendants violated the Texas Debt Collection Act;

4.      Award damages and attorneys fees for Defendants' violation of the Texas Debt Collection Act;

5.      Find that Defendants violated TEX. BUS. & COMM CODE § 17.41 et seq.

6.      Award treble damages for Defendants' violations of TEX. BUS. & COMM CODE § 17.41 et seq.

7.      Grant any and all other relief in equity or in law to which Mr. Razaq may be entitled.

Respectfully submitted,

_____
**CHARLES (CHUCK) NEWTON**
Texas Bar No. 14976250
Federal Bar No. 27900
**CHARLES NEWTON & ASSOCIATES**